# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-31005
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2020

Lyle W. Cayce
Clerk

HENRY HICKSON,

Plaintiff-Appellant

v.

GABRIEL HEBERT, Captain,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-580

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Henry Hickson, Louisiana prisoner # 369635, appeals the denial of his motions for judgment as a matter of law and for a new trial after a jury rejected his 42 U.S.C. § 1983 complaint alleging that Captain Gabriel Hebert used excessive force against Hickson in violation of the Eighth Amendment. Hickson argues that the district court erred in denying his motions because the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence reveals that Captain Hebert did not need to use any force and that the incident resulted in a permanent eye injury.

We review the denial of a Federal Rule of Civil Procedure 50(b) motion for judgment as a matter of law *de novo, see Arsement v. Spinnaker Expl. Co., LLC,* 400 F.3d 238, 248 (5th Cir. 2005), and the denial of a motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a) for abuse of discretion, *see Olibas v. Barclay,* 838 F.3d 442, 448 (5th Cir. 2016). Where, as here, a jury trial is involved, a Rule 50(b) motion for judgment as a matter of law is viewed as "a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Flowers v. S. Reg'l Physician Servs., Inc.,* 247 F.3d 229, 235 (5th Cir. 2001) (cleaned up). When considering claims of excessive force, relevant factors include the extent of injury suffered, "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson v. McMillian,* 503 U.S. 1, 6-7 (1992) (cleaned up).

Captain Hebert asserted that he provided a one-second burst of a chemical agent after Hickson continuously refused to comply with orders and that Hickson was given a shower within a reasonable time of the incident. Hickson asserts that Captain Hebert used excessive force by administering more than a one-second burst of the chemical agent without provocation and withholding a shower for almost an hour. Here, the jury chose to believe Captain Hebert's version of events. It was within the purview of the jury to make factual and credibility determinations, *Olibas,* 838 F.3d at 450, and the jury's verdict was not outside of the realm of reason. Given the facts presented, which included testimony that the chemical agent did not cause any injuries,

No. 17-31005

the evidence did not point so strongly and overwhelmingly in Hickson's favor that reasonable jurors could not rule against him. *See Flowers*, 247 F.3d at 235.

We will not overturn the district court's denial of Hickson's Rule 50(b)(3) motion for judgment as a matter of law because there was a "legally sufficient evidentiary basis" for the jury's verdict. *Arsement,* 400 F.3d at 249; *see also Hudson*, 503 U.S. at 6-7; *Flowers*, 247 F.3d at 235. Because Hickson fails to show that the district court erred in denying his motion for judgment as a matter of law under *de novo* review, he likewise cannot demonstrate that the district court erred in denying his motion for a new trial under the more deferential abuse of discretion standard. *See Olibas*, 838 F.3d at 449. Accordingly, the judgment of the district court is AFFIRMED.